### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| DIANA I. BRODRICK, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:21-cv-466-HAB |
| WAL-MART STORES, INC., WAL-MART REAL ESTATE BUSINESS TRUST AND JIM CLARK, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Diana I. Brodrick ("Brodrick") filed suit in Huntington Superior Court against Defendants Wal-Mart Stores, Inc., and Wal-Mart Real Estate Business Trust (the Wal-Mart Defendants), as well as Wal-Mart's store manager, Jim Clark ("Clark"), after she fell at the Huntington, Indiana Wal-Mart Store. (Compl. ECF No. 4). Defendants removed the case to this court (Notice of Removal, ECF No. 1) and have now moved to dismiss the claims against Clark under Fed.R.Civ.P. 12(b)(6). (ECF No. 7). Brodrick did not respond to the motion. Because the Indiana Supreme Court's holding in *Branscomb v. Wal-Mart Stores E. LP.,*165 N.E.3d 982 (Ind. 2021) (answering certified question from the district court, No. 1:20-CV-0213-HAB, 2020 WL 6797149 (N.D. Ind. Nov. 19, 2020)), forecloses any claims against Clark, the Defendants' Motion to Dismiss is GRANTED and all claims against Clark are dismissed.

## FACTUAL BACKGROUND

On December 1, 2019, Brodrick was a business invitee of Wal-Mart and sustained personal injuries on Wal-Mart's premises. While entering the Huntington store, Brodrick slipped on a wet, slippery substance that had accumulated on the floor of the store. Brodrick's complaint alleges that

the Defendants failed to meet the duty of care owed to Brodrick, were negligent in "failing to maintain the premises in a reasonably safe manner; failing to provide safe passages for ingress/egress to and from the premises; allowing a hazard to exist in a location frequented by invitees of the premises; not employing proper inspection and clean-up practices; and failing to warn invitees of a hazard existing on the premises." (Compl. ¶ 8).

As to Clark, Brodrick asserts that Clark, as a store manager, "was responsible for the general safety of the premises and training and supervision of employees as it relates to store policies and store safety for the invitees of Wal-Mart." (Compl. ¶ 4). Brodrick also asserts that Clark was "negligent by failing to properly train and/or supervise the Wal-Mart employees to ensure that the main thoroughfares of the Wal-Mart store were free from hazardous conditions." (*Id.* ¶ 9).

Defendants removed this action from state court asserting diversity jurisdiction pursuant to 28 U.S.C. §1332, as the Wal-Mart Defendants are diverse from Brodrick, who is an Indiana domiciliary. In their notice of removal, Defendants assert that Clark, who is also an Indiana domiciliary, is not properly joined in this action and, thus, diversity remains proper. (Notice of Removal, ¶ 6). They have now moved to dismiss the claims against Clark because the Complaint fails to state a claim for relief under Indiana law.

## DISCUSSION

### A.  *Applicable Standard*

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The allegations, however, must "give the defendant fair notice of what the...claim is and the grounds upon which

it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### B. Analysis

Brodrick's claims in this case sound in negligence. Sitting in diversity, as this Court does, the Court's duty "is to decide issues of Indiana state law" by predicting how "the Indiana Supreme Court would decide them today." *Doermer v. Callen*, 847 F.3d 522, 527 (7th Cir. 2017). Accordingly, the Court must "ascertain the substantive content of state law as it either has been determined by the highest court of the state or as it would be by that court if the present case were before it now." *Golden v. State Farm Mut. Auto. Ins. Co.*, 745 F.3d 252, 255 (7th Cir. 2014) (citations omitted). Fortuitously, Indiana's highest court has left no guess work for this Court to do as it relates to the issues of state law presented by this case.

The "essential elements" for a negligence action under Indiana law are: "(1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty." *Yost v. Wabash Coll.*, 3 N.E.3d 509, 515 (Ind. 2014) (citations omitted). As detailed above, Brodrick asserts that Clark breached his duty of care by failing to train and employ procedures to maintain the premises in a non-hazardous manner. This breach, she alleges, resulted in injuries to her.

Just a few months ago, the Indiana Supreme Court held that allegations nearly identical to these were insufficient to hold a store manager liable for negligence if that store manager played no personal or direct role in the alleged injury. *Branscomb,* 165 N.E.3d at 984-85. In *Branscomb,* a case coincidentally involving Clark and the same Huntington Wal-Mart store, the plaintiff alleged that "the injuries and damages sustained were the responsible result of the carelessness and negligence [of Clark], for failing to properly hire, train, and supervise Wal-Mart's employees, failing to have and/or implement proper safety policies and procedures and for failing to properly inspect and maintain the property in a safe condition." *Branscomb,*165 N.E.3d at 984. The complaint contained no factual allegations that Clark had any personal involvement in the plaintiff's injury. In answering a certified question from this Court, the Indiana Supreme Court made it clear that, under Indiana law, a store manager cannot be held liable for negligence when he is not directly involved in the accident at issue. *Id.* ("Today we address whether a store manager can be held liable for negligence when he is not directly involved in the accident at issue. Looking at the facts and circumstances of this case and Indiana law, we hold he cannot.").

This case does not lend itself to a different result. The Complaint here, like the complaint in *Branscomb*, contains no allegations that Clark in any way was directly involved with Brodrick's fall. It alleges only that Clark failed to properly train and supervise employees and failed to implement Wal-Mart's safety policies. *Branscomb* forecloses plaintiffs from recovery absent an allegation that the manager had direct personal involvement in the injury.[1] Since no such allegation is made here, the Defendant's Motion to Dismiss must be GRANTED.

## CONCLUSION

---

[1]Although the Court has not relied on it, the Defendant has submitted an affidavit stating that he was not working at the store at the time of Brodrick's fall. (Jim Clark Aff., ECF No. 8-1, ¶¶ 3-4).

Defendant's Motion to Dismiss is GRANTED. (ECF No. 7). All claims against Clark are DISMISSED.

SO ORDERED on February 8, 2022.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT